UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM S. MELTZER,<br>    Plaintiff,<br>    v.<br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br>    Defendant. | NO. CV 13-6164 AGR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Malcolm S. Meltzer filed this action on August 22, 2013. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on September 27, 2013. (Dkt. Nos. 7, 8.) On April 4, 2014, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

On December 2, 2010, Meltzer filed an application for disability insurance benefits, alleging an onset date of July 30, 2010. Administrative Record ("AR") 12, 149-57. The application was denied initially and on reconsideration. AR 12, 62, 74. Meltzer requested a hearing before an Administrative Law Judge ("ALJ"). AR 89. On February 21, 2012, the ALJ conducted a hearing at which Meltzer, a medical expert ("ME") and a vocational expert testified. AR 23-51. On March 14, 2012, the ALJ issued a decision denying benefits. AR 12-19. On June 25, 2013, the Appeals Council denied the request for review. AR 1-6. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada,* 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Meltzer meets the insured status requirements through December 31, 2015. AR 14. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Meltzer has not engaged in substantial gainful activity since July 30, 2010, the alleged onset date. AR 14. Meltzer has the severe impairment of schizophrenia. *Id.* He does not meet or equal a listing. *Id.* He has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except he can perform simple repetitive tasks; can never carry out, remember or understand detailed/complex tasks or instructions; can tolerate occasional changes in the work setting; must work in a low stress environment defined as no more than occasional interaction with supervisors; can never work in proximity or coordination with coworkers, but can tolerate conversational interactions with them; and can never interact or have contact with the public. AR 15. He is unable to perform any past relevant work, but there are

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

jobs that exist in significant numbers in the national economy that he can perform. AR 17-18.

### C. Treating Physician

Meltzer contends the ALJ failed to provide clear and convincing reasons for rejecting the opinion of the treating physician, Dr. Steiglitz.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). To reject an uncontradicted opinion of a medically acceptable treating source, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn*, 495 F.3d at 632 (citations and quotation marks omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

"'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'" *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation omitted) (emphasis in original). When "the ALJ relied on a nonexamining source's testimony on limitations to reject the opinion of the claimant's treating physician, the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by all other evidence in the record.'" *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation and emphasis omitted). In *Andrews*, the

4

Ninth Circuit declined to hold that a nonexamining physician's opinions inevitably deserve little or no weight. *Id.* The regulations provide that the weight given to a nonexamining physician's opinion depends upon the strength of the explanation for that opinion. 20 C.F.R. §§ 404.1527(c)(3) ("[B]ecause nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions."), 416.927(c)(3).

Here, the ALJ gave Dr. Steiglitz's opinion "no weight," finding it "unsupported" and "baseless." AR 16-17. She gave "great weight" to the opinion of the consultative examiner, Dr. Borowsky, who found that Meltzer had chronic schizophrenia, which was being treated. AR 17, 416. She generally adopted the opinion of the ME, Dr. Borden, who opined that Meltzer could not carry out and remember detailed and complex instructions, would have difficulty adapting to changes in a work setting, would have difficulty adapting to a stressful work setting, and would be limited to brief and occasional contact with supervisors, peers and the general public. AR 17, 32. The ALJ's reasons are supported by substantial evidence.[2]

On November 12, 2010, Dr. Steiglitz completed a Mental Assessment regarding Meltzer.[3] AR 273-76, 281, 431-35. He opined that Meltzer was markedly limited in the ability to remember locations and workweek procedures, understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, work in coordination within a proximity to

---

[2] Because Dr. Steiglitz's opinion is contradicted, the substantial evidence standard applies. *Orn*, 495 F.3d at 632.

[3] The record contains two apparently identical copies of the Mental Assessment. AR 273-76, 281, 431-35. The first copy appears incomplete, but the last page of the form can be found about five pages from the rest of the form. AR 273-76, 281. The ALJ discussed both copies of the form.

5

others without being distracted by them, complete a normal workday and workweek without interruption from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting, and be aware of normal hazards and take appropriate precautions. AR 273-76, 431-34. In all other areas, Meltzer was moderately limited. AR 273-76, 431-34.

The ALJ found that Dr. Steiglitz's opinion was unsupported by the objective medical record. AR 16. As the ALJ noted, the medical evidence indicated that Meltzer's schizophrenia was long-standing and stable with medication. AR 16, 303, 341, 383-84, 393, 451. Meltzer was diagnosed with schizophrenia in the early 1990s, but worked for decades until he retired in July 2010. AR 16, 383-84. In retirement, Meltzer planned to go to more singles group meetings, "work out daily, fire his maid[] , [and] go hiking more." AR 17, 395. In April 2010, a nurse's note indicated that Meltzer planned to speak with Dr. Steiglitz about applying for social security disability because he was exhausted, mentally tired, and more depressed due to the physical demands of work. AR 16, 398-99. The ALJ found the Mental Assessment "incongruous" with the objective evidence. "[I]nconsistencies and ambiguities noted by the ALJ represent specific and legitimate reasons" for rejecting a physician's opinion. *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992).

The ALJ found that Dr. Steiglitz's opinion was baseless and unsupported by his own progress notes. AR 17. On November 12, 2010, the day of the Mental Assessment, the progress notes indicate that Dr. Steiglitz found no apparent change in mental status from the last assessment.[4] AR 393-94, 423-24.

---

[4] Dr. Steiglitz signed the progress note on November 18, 2010. AR 393.

According to the record, the previous assessment occurred on April 12, 2010.[5] AR 424. The mental status examination on April 12, 2010 reflected no suicidal ideation, homicidal ideation or auditory hallucinations, and no paranoid delusions. AR 425. On March 10, 2010, Dr. Steiglitz found Meltzer alert and oriented x4, with normal dress, behavior, mood, affect, speech and thought content. AR 426. Meltzer had no suicidal ideation, homicidal ideation or acute psychotic symptoms. *Id.* Even after the November 2010 Mental Assessment, Dr. Steiglitz indicated no apparent change in mental status from previous mental status examinations. AR 419-22, 449-54. In addition, Dr. Steiglitz left blank the section on functional capacity assessment. AR 276, 281, 434-35. The ALJ reasonably found that the Mental Assessment was baseless and unsupported by Dr. Steiglitz's progress notes.

Meltzer additionally argues that the ALJ erred in failing to state what weight, if any, she gave to the opinion of Dr. Borden, the ME. Meltzer is correct in contending that the ALJ did not specifically assign weight to Dr. Borden's opinion. However, Meltzer has not identified an inconsistency between the ALJ's RFC and Dr. Borden's opinion. The ALJ's RFC mirrors Dr. Borden's opinion except that the RFC further limits Meltzer to simple repetitive tasks and prohibits any interaction or contact with the public. AR 15, 32. The ALJ's additional limitations are consistent with Dr. Borden's opinion that Meltzer could perform simple, routine, or repetitive tasks, and would have difficulty in dealing with the general public. AR 15, 32. Accordingly, any error would be harmless. *See McLeod v. Astrue*, 640 F.3d 881, 887-88 (9th Cir. 2011) (harmless error rule).

Meltzer's argument that Dr. Borden's opinion cannot by itself constitute substantial evidence that justifies the rejection Dr. Steiglitz's opinion fails on this

---

[5] On May 26, 2010, a LCSW indicated that Meltzer appeared alert and oriented, motivated to be active when he retires, and anxious about the change in income when he retires. AR 395.

record. Here, in rejecting Dr. Steiglitz's opinion, the ALJ relied on other evidence that supported the ALJ's decision: objective medical evidence, conflicting progress notes from Dr. Steiglitz, and testimony from Meltzer that conflicted with Dr. Steiglitz's opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (upholding the Commissioner's decision to reject the opinion of a treating physician based in part on the testimony of a nonexamining medical advisor). Dr. Borden's opinion properly served as substantial evidence because it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1041.

To the extent Meltzer contends the ALJ failed in her duty to develop the record by not ordering a psychiatric consultative examination, his claim fails. Meltzer argues that "an impartial evaluation" was necessary because he presented a colorable claim of psychiatric problems and the consultative examiner noted that he "does need to have a psychologic exam."[6] JS 9; AR 416. The ALJ "has broad latitude in ordering a consultative examination" when there is ambiguity or insufficiency in the record. *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) (citation and quotation marks omitted). Here, the record was neither ambiguous nor inadequate to permit a full and proper evaluation of Meltzer's mental impairment. The ALJ discussed the medical evidence relating to Meltzer's mental health. AR 16-17. She noted that Meltzer's schizophrenia was stable and well controlled with medication. AR 17. She noted that as of October

---

[6] *Fernandes v. Colvin*, 2013 WL 6229176 (C.D. Cal. 2013), is distinguishable. In *Fernandes*, the district court remanded the case to develop the medical record regarding the claimant's mental impairments. *Fernandes*, 2013 WL 6229176, at *1. However, the medical evidence in *Fernandes* demonstrated that the claimant received psychiatric treatment for his conditions, was on long-term psychotropic medication, and reported hallucinations and several suicide attempts. *Id.* at *4. The medical evidence was ambiguous, unclear and incomplete. *Id.* at *1, *3-4. The record lacked an opinion from a treating physician. *Id.* at *2. Here, the medical evidence showed that Meltzer's schizophrenia was stable and well controlled with medication, the medical evidence was not ambiguous, unclear or incomplete, and the record contained an opinion from Meltzer's treating physician.

1  2011, Meltzer was consistently on a psychotropic drug regimen, denied suicidal
2  or homicidal ideation and denied present stressors.  AR 17, 419-21.  The only
3  symptom of his condition was paranoia.  AR 17, 419, 421.  The course of his
4  schizophrenic condition was "stationary and baseline."  AR 17, 419, 421.  She
5  noted that Meltzer worked until 2010 and appears to have been working when he
6  contemplated seeking disability benefits to supplement his income when he
7  retired.  AR 16, 398-99.  At the hearing, Meltzer acknowledged that he could
8  perform simple work, but he would be bored.  AR 17, 44.

9  The ALJ articulated specific and legitimate reasons for discounting Dr.
10 Steiglitz's opinion.

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: May 27, 2014

_____
ALICIA G. ROSENBERG
United States Magistrate Judge